**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

     v.                             Criminal No. 06-cr-184-01-SM

Jerrell Cryer

**ORDER OF DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et seq.</u>, a hearing was conducted on September 27, 2006, for the purpose of determining whether to detain defendant, Jerrell Cryer, who has been indicted on four counts of distribution of cocaine and crack cocaine.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall

consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption

2

arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Further, the offenses charged against defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 <u>et seq.</u>  <u>See</u> <u>United States v. Dillon</u>, 938 F.2d 1412, 1417 (1st Cir. 1991). Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case.  <u>See</u> 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); <u>see</u> <u>also</u> <u>United States v. Vargas</u>, 804 F.2d 157, 162–63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case."  <u>United</u>

3

States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  Notably,
the burden is one of production, not of persuasion.  Id. at 380–
81.

Here, I find that the defendant fails to rebut the
presumption with regard to danger to the community.
Specifically, in this drug crime the four sales were made to an
undercover officer.  He is at least a criminal history III
defendant with two prior probation violations.  He has a history
of assaultive behavior.

The defendant here is precisely the type of individual
Congress envisioned when it established the statutory
presumption.  The legislative history reveals that, in
establishing the statutory presumption that "no condition or
combination of conditions will reasonably assure . . . the safety
of the community . . . ," 18 U.S.C. § 3142(e), Congress
specifically had in mind defendants alleged to be involved in
drug trafficking: "The Committee also emphasize[d] that the risk
that a defendant will continue to engage in drug trafficking
constitutes a danger to the 'safety of any other person or the
community.'"  S. Rep. No. 225, 98th Cong., 1st Sess. 13 (1983).
Congress has determined that "flight to avoid prosecution is

4

particularly high among persons charged with major drug offenses."  S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983); <u>Jessup</u>, 757 F.2d at 378.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant has not rebutted with any credible evidence the presumption that he poses a serious danger to the community.

Accordingly, it is **<u>ORDERED</u>** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date:  October 3, 2006

cc:    Mark S. Zuckerman, Esq.
       Sandra F. Bloomenthal, Esq.
       U.S. Marshal
       U.S. Probation